IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN PERRERA<br>1407 Okiola Avenue<br>Upper Chichester, PA 19061<br><br>Plaintiff,<br><br>v.<br><br>WALMART STORES, INC.<br>2001 SE 10th Street,<br>Bentonville, AR 72712<br><br>&<br>SITE CENTERS CORP.<br>3000 Enterprise Pkwy,<br>Beachwood, OH 44122<br>Defendants. | CIVIL ACTION<br><br>No.: |

## COMPLAINT – CIVIL ACTION
### PREMISES LIABILITY

On October 31, 2020, Plaintiff, Stephen Perrera, was leaving the Walmart and headed to his vehicle parked in the adjacent parking lot, when he tripped and fell on a hazardous metal bars sticking up through the ground, resulting in serious injuries. Plaintiff by and through undersigned counsel, files the within Complaint and in support thereof avers the following:

### PARTIES

1.   Plaintiff, Stephen Perrera, is an adult individual domiciled in the State Pennsylvania who resides at 1407 Okiola Avenue, Upper Chichester, PA 19061.

2.   Defendant Walmart Stores Inc., hereinafter "Walmart" is a corporation licensed to do business in the Commonwealth of Pennsylvania with a principal place of business listed in the caption of this Complaint and which at all times relevant hereto, was the owner, lessor, lessee

1

and/or otherwise legally responsible for the care, control and/or safety of the store and adjacent parking lot where Plaintiff's fall occurred, located at 605 Conchester Hwy, Boothwyn PA 19061 (hereinafter referred to as "the premises").

3. Defendant Site Centers Corp., hereinafter "Site Centers" is a corporation licensed to do business in the Commonwealth of Pennsylvania with a principal place of business listed in the caption of this Complaint and which at all times relevant hereto, was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the store and adjacent parking lot where Plaintiff's fall occurred, located at 605 Conchester Hwy, Boothwyn PA 19061 (hereinafter referred to as "the premises").

## JURISDICTION AND VENUE

4. In accordance with 28 U.S.C. § 1332(c)(1) Defendant Walmart is a citizen of the State of Arkansas.

5. Additionally, Walmart is a business entity that regularly conducts business within the Eastern District of Pennsylvania.

6. In accordance with 28 U.S.C. § 1332(c)(1) Defendant Site Centers is a citizen of the State of Ohio.

7. Additionally, Site Centers is a business entity that regularly conducts business within the Eastern District of Pennsylvania.

8. Plaintiff is domiciled in the State of Pennsylvania and resides at the above-captioned address.

9. The amount in controversy in the instant matter is in excess of $75,000.00.

10. As there is diversity between the parties, and the matter in controversy is in excess of $75,000.00 this Court possesses jurisdiction in the instant matter.

## FACTUAL ALLEGATIONS

11. At all times relevant hereto, the Defendants were in business for the purposes of, including but not limited to, constructing, owning, leasing, managing, acting as a franchisor, operator and/or franchisee of store properties, which included inspecting, maintaining, cleaning and/or supervising store properties, in general and specifically, the Walmart Store Facility and adjacent parking lot located at 605 Conchester Hwy, Boothwyn PA 19061.

12. At all times material hereto, all Defendants identified in the paragraphs above were responsible to keep the premises located at 605 Conchester Hwy, Boothwyn PA 19061, free and clear of defects and defective conditions on or about the premises.

13. On October 31, 2020, each Defendant identified above owned, managed, controlled, inspected and or maintained the parking lot abutting the premises including the island mulch bed where Plaintiff's fall occurred.

14. At all times relevant hereto the premises was the responsibility of Defendants.

15. At all times relevant hereto, the employees of the Walmart located at 605 Conchester Hwy, Boothwyn PA 19601 acted as the actual and/or ostensible agents, servants and/or employees of Walmart who leased, possessed, managed and/or controlled the subject premises.

16. On or about October 31, 2020, at approximately 3:00p.m., Plaintiff Stephen Perrera was a business invitee, present at the Boothwyn Walmart and was lawfully on the Defendants' premises at the time of the subject trip and fall accident.

17. Mr. Perrera walked out of the Walmart and proceeded towards his vehicle parked in the parking lot.

3

18. As Plaintiff was walking to his vehicle, he stepped onto an island mulch bed and was caused to trip and fall due to two metal/grounding rods sticking up from the ground and camouflaged by debris:



19. The metal/grounding rods sticking up through the ground on the premises were a hazardous/dangerous condition to business invitees such as Plaintiff lawfully on the premises.

20. Upon information and belief, the dangerous and hazardous condition that injured Plaintiff was known to all Defendants through their agents, servants workmen and/or employees, prior to Plaintiff's fall.

21. The foreseeable tripping hazard was allowed to and permitted by Defendants to exist and remain without any warning signs or barricades.

22. Upon information and belief, Defendants' agents, employees, servants and/or workmen, failed properly inspect, maintain and/or repair the parking lot on the premises in the area of Plaintiff's fall, both prior to and at the time of Plaintiff's fall.

23. Upon information and belief Defendants' agents, employees, servants and/or workmen, failed to place cautionary or warning devices in the area of the hazardous condition/metal/grounding rods prior to Plaintiff's fall.

24. At all relevant times hereto, it was the responsibility of the Defendants, by and through their agents, employees, servants and/or workmen, to properly inspect and/or maintain the parking lot on the premises to ensure that it remained in a condition that was reasonably safe for invitees such as Plaintiff.

25. At all relevant times hereto, it was the responsibility of the Defendant, their agents, employees, servants and/or workmen to properly inspect and/or maintain the parking lot on the premises to ensure that it was free and clear of all defects and hazardous conditions such as metal/grounding rods sticking up through the ground, which would render it dangerous and unsafe for individuals such as Plaintiff.

26. The hazardous condition of the premises was caused by the negligence and/or carelessness of the Defendant, their agents, employees, servants and/or workmen, resulting in serious and permanent injuries to Plaintiff.

27. As a result of the Defendants' negligence, Plaintiff suffered serious injuries resulting in substantial pain at the time of the accident and up to the present, to his great detriment.

28. As a result of Defendants' negligence, Plaintiff has suffered permanent scarring and disfigurement.

29. As a result of Defendants' negligence, Plaintiff suffered severe emotional and mental distress, to his great detriment.

30. As a result of the Defendants' negligence, Plaintiff has been and to the present time is unable to engage in many business and personal activities or has a reduced ability to do so.

31. Plaintiff continues to suffer serious pain and discomfort.

32. Plaintiff may have other physical injuries and related damages from the incident herein of which she is not yet aware.

33. The injuries sustained by the Plaintiff are a direct result of the negligence and/or carelessness of the Defendant by and through their agents, employees, servants and/or workmen and were due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

## COUNT I
## PLAINTIFF, STEPHEN PERRERA v. DEFENDANTS

34. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if the same were set forth fully herein.

35. The negligence and carelessness of the Defendants, their agents, employees, servants and/or workmen consisted of, *inter alia*, the following:

   a. Failing to remove the metal/grounding rods from a foreseeable pedestrian pathway in their parking lot;

   b. Failing to remedy a dangerous condition in their parking lot; to wit the metal/grounding rods sticking up out of the ground;

   c. Permitting the metal/grounding rods to exist in the parking lot of the premises;

   d. Allowing the metal/grounding rods remain in a condition which posed a trip hazard to pedestrians such as Plaintiff on the premises;

   e. Failing to exercise reasonable care in repairing a known hazardous condition of the property, when Defendants knew or should have known the defective condition was unsafe and required repairs or precautionary measures to render the parking lot safe;

f. Permitting a hazardous and dangerous condition to exist on the property, specifically the unsafe and hazardous metal/grounding rods which posed a hazard to pedestrians in the parking lot;

g. Failing to properly monitor, inspect or repair the premises specifically, the parking lot on the premises where plaintiff fell, and patrons were known to walk, to ensure that the area was trip hazards or other dangerous or defective conditions to those legally on the premises;

h. Failing to barricade and/or block-off the dangerous area of the premises, ground and walkways;

i. Failing to warn Plaintiff of the concealed and hidden dangerous condition of the metal/grounding rods sticking up from the ground on the parking lot;

j. Failing to place signs, tape or other cautionary devices in the area of the hazardous condition;

k. Failing to utilize safety devices, in an area where defendants knew, or should have known pedestrians were likely to trip over the metal/grounding rods;

l. Failing to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances, in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on parking lot;

m. Failing to properly inspect the aforesaid area to ascertain the existence of defects and unsafe conditions thereon;

n. Causing and/or permitting unsafe conditions and other defects to become and remain on the aforesaid area;

o. Failing to provide all necessary warnings to Plaintiff;

p. Failing to inform Plaintiff of the risks posed by the metal/grounding rods sticking out of the ground;

q. Allowing the parking lot to exist in such a dangerous condition that it posed a hazard to those traversing the parking lot such as Plaintiff;

r. Negligently inspecting the premises;

s. Allowing a dangerous condition to exist on the premises when Defendant, Defendant's agents, employees, workmen and/or servants knew or should have known that the condition was a hazard to Plaintiff;

t. Allowing a hazardous condition of the subject premises to remain unguarded and exist upon the aforesaid premises;

u. Violation of relevant and/or applicable local, state and/or federal statutes, codes or regulations including but not limited to property maintenance codes;

v. Failing to determine, initiate and complete, all necessary repairs and work needed to make the subject defective area's dangerousness known to persons in the parking lot, including Plaintiff;

w. Being otherwise careless and negligent;

x. Failing to comply with building and maintenance codes;

y. Failing to exercise due care under the circumstances; and

z. Such other acts or omissions constituting negligence and/or carelessness which may be revealed through discovery or at the trial of this case.

36. Upon information and belief, Defendants by and through their agents, servants, workmen and/or employees had actual knowledge of the metal/grounding rods/hazardous condition which caused Plaintiff's fall.

37. Upon information and belief, Defendants by and through their agents, servants, workmen and/or employees had constructive knowledge of the metal/grounding rods/hazardous condition which caused Plaintiff's fall.

38. As a direct and proximate result of the Defendants' negligence and carelessness, jointly and severally, as aforesaid, Plaintiff suffered serious and permanent injuries including but not limited to, intrasheath subluxation of his peroneal tendon with tendonitis requiring groove deepening and superior retinacular repair surgery on his right ankle, permanent scarring and disfigurement.

39. As a direct and proximate result of Defendants' negligence and carelessness, by and through their agents, employees, servants and/or workmen, jointly and severally, as aforesaid, Plaintiff was required in the past and will in the future require additional medical care and treatment.

40. As a direct and proximate result of Defendants' negligence and carelessness by and through their agents, employees, servants and/or workmen, jointly and severally, as aforesaid, Plaintiff suffered a loss of life's pleasures and an inability to engage in her usual customary activities; pain, suffering, emotional distress and humiliation, embarrassment, the inability to engage in some or all physical pursuits and an inability to perform his work and personal duties in full or in part, some or all of which may be permanent in nature.

41. As a direct and proximate result of Defendants and/or Defendants' agents' negligence and carelessness, jointly and severally, as aforesaid, Plaintiff has in the past and may in the future experience a loss of earning and earning capacity.

42. As a direct and proximate result of Defendants and/or Defendants' agents' negligence and carelessness, jointly and severally, as aforesaid, Plaintiff has in the past and may in the future

have to incur, pay or owe money for medical care, treatment and prescriptions, all to his great detriment.

43. As a direct and proximate result of Defendants and/or Defendants' agents' negligence and carelessness, jointly and severally, as aforesaid, Plaintiff has in the past and may in the future continue to be prevented from performing his usual duties, occupations and avocations, all to his great detriment.

WHEREFORE, Plaintiff, Stephen Perrera demands judgment in his favor and against Defendant, in an amount in excess of one-hundred and fifty thousand dollars ($150,000.00) together with interest, costs, delay damages and any other amount this Honorable Court deems appropriate, including but not limited to:

    a. Compensatory damages;

    b. Reasonable litigation costs; and

    c. Other such damages and relief as this Honorable Court deems appropriate.

## COUNT II
## NEGLIGENT HIRING, TRAINING & SUPERVISION
## PLAINTIFF v. DEFENDANTS

44. The allegations set forth in the foregoing paragraphs are incorporated by reference as if fully set forth herein.

45. Upon information and belief, Defendants, selected, hired and retained the employees working on the premises on the date of Plaintiff's fall.

46. Defendants. owed a duty to plaintiff to properly train their employees on maintaining the premises and ensuring it was in a safe condition to those walking on the premises.

47. Defendants breached that duty of care by:

    a. Failing to train employees to properly maintain the parking lot on the premises;

  b. Failing to ensure that employees received proper training regarding safety protocols for the premises;

  c. Failing to properly train employees about the use of safety devices and warning signs;

  d. Failing to train employees to inspect the premises for hazardous conditions;

  e. Failing to ensure that employees were trained to remedy unsafe/hazardous conditions on the premises;

  f. Failing to ensure their employees were in compliance with safety protocols and procedures; and

  b. Failing to supervise their employees.

48. Defendants' negligent hiring, retention, and failure to adequately train and supervise their employees, was a direct and proximate cause of Plaintiff's injuries and damages.

49. As a direct and proximate result of Defendants' negligent hiring, retention and failure to adequately train and supervise employees, jointly and severally, as aforesaid, the Plaintiff sustained serious permanent physical and emotional injuries as previously outlined in this Complaint.

50. As a direct and proximate result of Defendants' negligent hiring, retention, and failure to adequately train and supervise employees, jointly and severally, as aforesaid, Plaintiff suffered and underwent great pain and continues to do so, as mentioned previously in this Complaint.

51. Plaintiff also make claims for such injuries, damages, and consequences resulting from the Defendants' negligence of which he has no present knowledge.

**WHEREFORE**, Plaintiffs requests the following of Defendant in a sum greater than one-hundred and fifty thousand dollars ($150,000.00), plus costs and delay damages, and all other appropriate relief, to wit:

    a. Compensatory damages;

    b. Reasonable costs; and

    c. Such other and further relief as appears reasonable and just.

## JURY DEMAND

52. Plaintiff hereby demands a trial by jury as to each count and Defendant.

Respectfully Submitted,

LEVIN & ZEIGER, LLP

8/16/2022
DATE

GABRIEL Z. LEVIN, ESQUIRE
IDENTIFICATION NO: 89128
ASHLEY E. OAKEY, ESQUIRE
IDENTIFICATION NO: 314456
LEVIN AND ZEIGER, LLP
1500 JFK BLVD. SUITE 620
PHILADELPHIA, PA 19102
215-825-5183